IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BERKSHIRE BANK, a Massachusetts chartered commercial bank, | )<br>)<br>) |
| Plaintiff, | )<br>)<br>) |
| v. | )<br>) |
| The Simple Greek Chicagoland LLC, an Illinois limited liability company, and Andy J. Papandreou. | ) Civil Action No. 1:22-cv-03730 <br>)<br>)<br>)<br>) |
| Defendants | |

## VERIFIED COMPLAINT FOR BREACH OF NOTE AND GUARANTY, AND REPLEVIN

Plaintiff Berkshire Bank (the "Lender"), by and through its counsel, Blank Rome LLP, as and for its Complaint for Breach of Note and Guaranty, and for Replevin, against defendants The Simple Greek Chicagoland LLC and Andy J. Papandreou, (collectively, the "Defendants" and each, a "Defendant"), alleges as follows:

## NATURE OF THE ACTION

1. This is a breach of note and guaranty action for damages stemming from The Simple Greek Chicagoland, LLC's failure to repay its loan obligations to the Lender, which as of June 28, 2022, total $567,882.62 in principal, $42,650.36 in accrued and unpaid interest, plus fees and costs. Interest, fees and costs also continue to be incurred and accrue. Andy Papandreou, the guarantor of absolute and unconditional payment and performance under the Note, has breached his guaranty by failing to pay the obligations despite demand. The Lender also seeks an Order of Replevin for the Defendants' failure to provide the Lender's immediate possession of certain

collateral secured by a security agreement executed contemporaneously with the Note obligations at issue in this case.

## THE PARTIES

2. The Lender is a Massachusetts chartered commercial bank with its principal office at 24 North Street, Pittsfield, Massachusetts 01201 and brings this action in its capacity as the Lender under the Loan Documents defined below.

3. Defendant The Simple Greek Chicagoland, LLC is an Illinois limited liability company with its principal office at 789 East Butterfield Road, Lombard IL 60148. Andy Papandreou is the sole Member and Manager of The Simple Greek Chicagoland, LLC.

4. Defendant Andy Papandreou is an individual residing at 56 West Huron Street, Apartment 6, Chicago IL 60654.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 based upon diversity of citizenship in that the Lender is a citizen of Massachusetts and each of the Defendants are citizens of Illinois. The amount in controversy herein exceeds $75,000, exclusive of interest and costs.

6. This Court has personal jurisdiction over the Defendants pursuant to their consent thereto set forth in the loan documents and their residency in this District.

7. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because the Defendants are subject to personal jurisdiction in this District.

## FACTS

**A.** **The Loan, Guaranty and Security Agreement.**

8. On or about September 24, 2020, the Lender entered into that certain Note (as amended, restated, supplemented or otherwise modified from time to time, the "Note") with The

2

Simple Greek, Chicagoland, LLC (hereinafter, the "Borrower") pursuant to which the Lender provided a $590,000.00 SBA loan ("Loan") to the Borrower. A true and correct copy of the Note is attached hereto as Exhibit A. All capitalized terms used herein and not otherwise defined shall have the meaning given to them in the Note.

9. The Note is governed by the laws of the State of Illinois where the Defendants are located, along with all collateral pledged to secure the Loan.

10. Defendant additionally executed a Security Agreement on September 24, 2020, whereby it granted the Lender a security interest over certain Collateral, including but not limited to Defendants' inventory, equipment fixtures, furniture and other tangible property. A true and correct copy of the Security Agreement is attached hereto as Exhibit B.

11. The Security Agreement is governed by the laws of the State of Illinois where Defendants are located, along with all of the collateral pledged to secure the loan.

12. Also on September 24, 2020, Andy Papandreou (hereinafter the "Guarantor") executed an Unconditional Guaranty whereby he guaranteed due and punctual payment and performance when due of all of the Obligations, all other monies due under the Note and all costs, expenses and liabilities that are incurred by the Lender with respect to the Note (the "Guaranty"). A true and correct copy of the Guaranty is attached hereto as Exhibit C.

13. The Guaranty is governed by the laws of the State of Illinois, where the Guarantor is located, along with all collateral pledged to secure the Loan.

14. The Guaranty is a guaranty of payment and not of collection. Guaranty ¶ 1.

15. The liability of Papandreou under the Guaranty is joint and several, primary and direct, and not conditional on the Lender pursuing remedies against the Borrower or the collateral. *Id.* at ¶¶ 1, 9.

16. The parties subsequently executed a Change in Terms Agreement, which deferred payments under the Note from May 1, 2021, to October 31, 2021 (the Change in Terms Agreement together with the Note, Security Agreement, Guaranty and all other documents executed in connection therewith, the "Loan Documents"). A true and correct copy of the Change in Terms Agreement is attached hereto as Exhibit D.

**B.     Events of Default under the Note and Guaranty.**

17. Events of Default occurred under the Note as a result of the Borrower's failure to comply with Section 4 of the Note in that the Borrower failed to timely make the required payment installment on November 1, 2021 and all months subsequent (collectively, the "Payment Default").

**C.     Demand on Defendants.**

18. On February 10, 2022, the Lender demanded payment in full of the outstanding Obligations under the Note from Borrower and Guarantor. A true and correct copy of the demand letter is attached hereto as Exhibit E.

19. As of June 28, 2022, the Defendants have failed to repay $567,882.62 in outstanding principal payments, and $42,650.36 in accrued and unpaid interest, plus fees and costs (the "Outstanding Obligations"). The Outstanding Obligations remain due and payable to the Lender and interest, fees and costs continue to accrue.

20. Accordingly, the Defendants are in default under the Note and Guaranty.

**D.     Events of Default Under the Security Agreement**

21. Events of Default also occurred under the Security Agreement as a result of Borrower's failure to make timely payment of its Obligations under the Note. *See* Security Agreement § J.

22. As a result, Borrower is required to, *inter alia*, "to assemble the Collateral and make it available to Secured Party at a place designated by [Lender] that is reasonably convenient to both

parties, which [Borrower] agrees to do." Likewise, the Lender is entitled to "take possession of the Collateral with or without process of Law, and, in this connection, enter any premises where Collateral is located to remove same…." *Id.* § K(2).

23. The Lender has made demand on Borrower for possession of the Collateral, but Borrower has refused to turnover the Collateral to Borrower. In addition, Borrower has refused Berkshire's requests to enter its premises to take possession of the same.

## **FIRST CAUSE OF ACTION**
### (Breach of Contract on Note)

24. The Lender repeats and repleads each allegation set forth in Paragraphs 1 through 23, inclusive, and incorporates them by reference herein.

25. The Note constitutes a valid and binding obligation of the Borrower for the benefit of the Lender.

26. The Lender has duly performed all terms and conditions of the Note.

27. The Borrower has breached the Note by virtue of its failure to pay the Lender the Outstanding Obligations.

28. As a result of the Borrower's failure to pay the amounts owed under the Note, the Lender has sustained damages equal to the Outstanding Obligations, plus additional amounts to be determined at trial.

## **SECOND CAUSE OF ACTION**
### (Breach of Contract on Guaranty)

29. The Lender repeats and repleads each allegation set forth in Paragraphs 1 through 28, inclusive, and incorporates them by reference herein.

30. The Guaranty constitutes a valid and binding obligation of Guarantor for the benefit of the Lender.

31. The Lender has duly performed all terms and conditions of the Note and the Guaranty.

32. Guarantor has breached the Guaranty by virtue of his failure to pay the Lender the Outstanding Obligations.

33. As a result of the Guarantor's failure to pay the amounts owed under the Guaranty, the Lender has sustained damages equal to the Outstanding Obligations, plus additional amounts to be determined at trial.

## THIRD CAUSE OF ACTION
### (REPLEVIN)

34. The Lender repeats and repleads each allegation set forth in Paragraphs 1-33, inclusive, and incorporates them by reference herein.

35. The Security Agreement constitutes a valid and binding Obligation of Borrower for the benefit of the Lender.

36. The Lender has duly performed all terms and conditions of the Note and Security Agreement.

37. Borrower has breached the Security Agreement by failing to provide the Lender possession of the secured Collateral upon demand, and has wrongfully retained the Collateral despite Borrower's superior right to immediate possession.

38. Upon information and belief, the property is not subject to any state tax, assessment, or fine.

39. As a result, the Lender requests an Order of replevin against Borrower for the Collateral provided by the Security Agreement including, without limitation the Collateral located at Borrower's business premises located at 789 East Butterfield Road, Lombard IL 60148.

## **PRAYER FOR RELIEF**

WHEREFORE, the Lender respectfully prays that this Court enter a judgment against each Defendant as follows:

1. Each Defendant be ordered to pay the Lender the Outstanding Obligations, plus pre and post judgment interest, attorneys' fees and expenses and any other amounts determined at trial on the First and Second Causes of Action.

2. An Order of replevin against Borrower for immediate possession of the Collateral wrongfully retained by Borrower.

3. That the Lender be awarded such other and further relief as the Court may deem equitable, just and proper.

Dated: July 19, 2022          Respectfully submitted,

BLANK ROME LLP

By:    /s/ *Paige Barr Tinkham*
Paige Barr Tinkham (Illinois Bar No. 6282474)
Amanda M. Noonan (Illinois Bar No. 6330210)
444 W. Lake Street, Suite 1650
Chicago, Illinois 60606
Paige.Tinkham@BlankRome.com
Amanda.Noonan@blankrome.com

## **VERIFICATION**

I verify under the penalty of perjury that the Complaint is true and correct.

Berkshire Bank

*[signature]*, VP

Thomas S. Matejek, Vice President
